Dykman, J.
This is an action against husband and wife for the recovery of damages resulting to the plaintiff from the fraud of the wife alone. She presented to these plaintiffs a bond and mortgage for $4,000, purporting to have been executed by her husband, but which were in fact forgeries, and under false representations that they were genuine instruments, induced the plaintiffs to loan the money thereon.
There is no claim of any participation of the husband in the transaction in any manner. He did not instigate or authorize the fraud, had no knowledge of its execution until after its consummation, and received none of its proceeds.
The action is prosecuted upon the theory that the torts and wrongs of the wife committed during coverture are imputed to the husband, and that an unqualified liability is cast upon him by the law for the resulting consequences, and there is much in the elementary books and opinions of judges to justify the action and the recovery that has been obtained.
The liability of the husband to be joined as a co-defendant with his wife in action for her personal torts and trespasses, *63 resulted from the suspension of her legal existence during her coverture. A married woman could not be sued separately, and a party sustaining an injury from her wrongs would have been without remedy if the husband could not be joined with her in an action, and for that reason the husband was joined.
It would seem 1 jw that no such reason exists in this state, and that there is no occasion for joining the husband with his wife in an action for her torts, because she may be sued alone, her common law disability in that respect having been released by modern • legislation tending to the emancipation of the wife from the husband’s control.
We are inclined to that view, and to hold that the simple entry into the marriage relation can entail upon a husband no consequence such as the plaintiffs endeavor to force upon the husband in this action.
But the question has been decided both ways by the supreme court, and will not be set at lest until it is finally determined by the court of appeals, and as it is well presented by this case, we think it better to facilitate a direct appeal to the court of appeals by an affirmance of this judgment.
The judgment should be affirmed, with costs.
Barnard, P. J., concurs; Pratt, J., not sitting.